*Kinney, Ballou & McClanahan* for defendant.

---

# THE PUNA SUGAR COMPANY *v.* THE TERRITORY OF HAWAII.

### ORIGINAL SUBMISSION.

SUBMITTED JANUARY 2, 1901.        DECIDED JANUARY 23, 1901.

GALBRAITH AND PERRY, JJ., AND A. G. M. ROBERTSON, ESQ., OF THE BAR, IN PLACE OF FREAR, C.J., DISQUALIFIED.

Sections 1617, 1618 and 1619, Penal Laws, making it a misdemeanor for any one "to cut, mutilate or destroy any forest tree or growing shrubbery or underbrush within two hundred and fifty feet of any road which may have been or hereafter may be constructed by the government through any natural forest," without providing any method for compensating the owner thereof, constitutes a taking of private property for public use within the inhibition of Amendment 5 to the United States Constitution, and for that reason are void.

### OPINION OF THE COURT BY GALBRAITH, J.

This is an agreed case brought under Sections 1255 to 1258, inclusive, of the Civil Laws. The facts as set out in the submission are as follows:

"First. That there is a question in difference between the parties hereto which might be the subject of a civil action. That the parties hereto have agreed upon the following statement of facts upon which said controversy depends and have agreed to submit the same to the decision of the Justices of the Supreme Court without suit.

Second. That said Puna Sugar Company is the owner in fee

simple of a tract of land at Waiakahiula, in Pahoa, in the District of Puna, Island of Hawaii. That said tract of land borders on a road constructed by the Hawaiian Government in part through a natural forest.

Third. That said Puna Sugar Company, within three months last past, has been engaged in cutting and destroying forest trees, shrubbery and underbrush on its said land within two hundred and fifty feet of said highway. That said Puna Sugar Company claims that it has full right and lawful authority to so cut and clear said forest, shrubbery and underbrush.

Fourth. That it is claimed by said Attorney-General that said Puna Sugar Company is liable to prosecution and fine for so cutting and destroying such forest, shrubbery and underbrush, notwithstanding the same are growing upon land of the said Puna Sugar Company, in accordance with Sections 1617, 1618 and 1619 of the Penal Laws.

Fifth. That it is claimed by said Puna Sugar Company that said Sections 1617, 1618 and 1619 of the Penal Laws are unconstitutional and void; and that said sections of said Penal Laws would deprive the said Puna Sugar Company of its property without compensation and without due process of law; and that said sections are contrary to the provisions of Article Fifth of the Amendments to the Constitution of the United States.

Sixth. It is agreed by the parties that in case said law is held to be unconstitutional that judgment shall be rendered in favor of said Puna Sugar Company, otherwise in favor of the Government of the Territory of Hawaii."

The sections of the Penal Code brought in question are as follows:

"Sec. 1617. From and after the passage of this Act it shall not be lawful for any person to cut, mutilate or destroy any forest tree or growing shrubbery or underbrush within two hundred and fifty feet of any road which may have been or hereafter may be constructed by the Government through any natural forest."

"Sec. 1618. This Act shall not be construed to prevent any person who may have already cleared and planted land, such land now being under cultivation, from clearing trees, shrubbery and underbrush therefrom to a sufficient extent to properly continue such cultivation, nor to prevent the holder of such lot from constructing a road to the rear of such lot."

"Sec. 1619. Any person violating this Act shall be fined not less than ten dollars nor more than fifty dollars for each offense."

The submission recites that the question in difference between the parties "might be the subject of a civil action," and thus brings the case within the provisions of the statute, Sec. 1255, and counsel for each of the parties agree that this is true as a matter of law. However, whether or not a civil action between these parties to determine the constitutionality of a penal statute, could be successfully maintained is a matter not free from doubt and which need not now be decided. There are authorities on both sides of the question. In favor of, see *Central Trust Co. v. Citizens' Street Ry. Co.*, 80 Fed. 225; *Lattery Co. v. Fitzpatrick*, Fed. Cases, No. 8541. *Contra. Chon & Co. v. Commissioners of Galsboro*, 77 N. C. p. 2; *C. B. & Q. Ry. Co. v. City of Ottawa*, 148 Ill 397. Those cases in favor of the jurisdiction in equity seem to be sufficient upon which to base a prima facie argument in support of the maintenance of a civil action. Even though it should be finally held in such a case that no relief could be granted in a civil proceeding between these parties, still the question of difference between them would have been in fact the subject of a civil action.

The plaintiff contends that this statute making it a misdemeanor, punishable with fine or imprisonment, for it "to cut, mutilate or destroy any forest tree or shrubbery or underbrush" on its own land within two hundred and fifty feet of the government road, is contrary to the Constitution of the United States and void; that the effect of the statute is to take its property for public use without just compensation or in fact any attempt at compensation; that under the 5th amendment to the Constitution private property can only be taken for public use after just compensation has been made for the same.

The Attorney-General does not controvert the correctness of this contention; in fact concedes it to be correct. Still this does not relieve the Court from responsibility in the premises.

We recognize it to be one of the highest duties of the Court, in a proper proceeding, to set aside and annul a void statute but understand that a court should never go out of its way to do this or to declare a law void if its legality can with judicial propriety be upheld. "It must be evident," says Cooley, "to any

one that the power to declare a legislative enactment void is one which the judge, conscious of the fallibility of the human judgment, will shrink from exercising in any case where he can conscientiously and with due regard to duty and official oath decline the responsibility." * * * "The courts may declare legislative enactments unconstitutional and void in some cases, but not because the judicial power is superior in degree or dignity to the legislative. Being required to declare what the law is in the cases which come before them, they must enforce the constitution as the paramount law, whenever a legislative enactment comes in conflict with it." Cons. Lim. p. 192.

The statute seems to be an attempt under cover of the police power, to effect an appropriation of private property to public use without compensation. Can the statute be upheld either as an exercise of the power of eminent domain or the police power?

"Eminent domain is the right or power of a sovereign state to appropriate private property to particular uses, for the purpose of promoting the general welfare. It embraces all cases where, by authority of the state and for the public good, the property of the individual is taken, without his consent, for the purpose of being devoted to some particular use, either by the state itself or by a corporation, public or private, or by a private citizen." Lewis, Em. Dom. pp. 1 and 2. The same author also says that every one "is bound so to use and enjoy his own as not to interfere with the general welfare of the community in which he lives. It is the enforcement of this last duty which pertains to the police power of the state so far as the exercise of that power affects private property. Whatever restraints the legislature impose upon the use and enjoyment of property within the reason and principle of this duty the owner must submit to, and for any inconvenience or loss which he may sustain thereby, he is without remedy. It is a regulation and not a taking, an exercise of police power, and not of eminent domain. But the moment the legislature passes beyond mere regulation and attempts to deprive the individual of his property or of some substantial interest therein, under pretense of regulation, then the act becomes one of eminent domain and is subject to the obligations

and limitations which attend the exercise of that power." *Id.* pp. 14 and 15.

In all constitutional governments one of the "obligations and restraints" placed upon the use of the power of eminent domain is the provision written in the constitutions that private property shall not be taken for public use without making just compensation therefor. In our constitution this provision is found in the 5th amendment. It has been held by the Supreme Court of the United States that:

"It is not necessary that property should be absolutely taken, in the narrowest sense of that word, to bring the case within the protection of this constitutional provision. There may be such serious interruption to the common and necessary use of property as will be equal to a taking, within the meaning of the constitution." *Pumpelly v. Green Bay Co.,* 13 Wall. 166.

In forbidding the plaintiff to cut trees or underbrush, etc., on its own land within two hundred and fifty feet of the government road there is "such serious interruption to the common and necessary use" of property as will amount to a taking within the rule announced by the Supreme Court of the United States in the above case, and no provision is made, in the statute, for compensating the plaintiff for the land so taken. It cannot be claimed that the public morals, health or the general welfare of the community require a strip of natural forest two hundred and fifty feet in width along the government road. The conclusion that the statute is void necessarily follows whether it be considered as the attempted exercise of the police power or that of eminent domain.

A statute of the State of Wisconsin forbid any one "to drive piles, build cribs or other structures in Rock River." The Supreme Court of that State said: "This statute makes it unlawful for the defendant who owns this ground and has the right to use it under said Lappin, to drive piles into it anywhere within the river for any purpose. It prevents the lawful use of his property. It takes it away from him without compensation or due process of law, and denies the defendant the equal protection of the laws. It is therefore in direct violation of

Article V and XIV of the amendments of the Constitution of the United States and of Section 13 of Article 1 of the State Constitution, and is therefore void. \* \* \* Any restriction or interruption of the common and necessary use of property that destroys its value or strips it of its attributes, or to say that the owner shall not use his property as he pleases, *takes it* in violation of the Constitution." The *City of Jamesville and another v. Carpenter*, 77 Wis. p. 301.

A statute of the State of Missouri known as the *"Boulevard Law"* under which an ordinance of the city of St. Louis was passed providing that all houses thereafter erected on Forest Park Boulevard should conform to a certain building line, 40 feet back from front of street and making a violation of this ordinance punishable as a misdemeanor, was by the Supreme Court of the State declared to be unconstitutional and void for the reason that it violated that provision of the constitution which provides that private property shall not be taken for public use without just compensation. No provision was made in said act for condemning and paying for the forty feet required to be left and forbidden to be built upon. *City of St. Louis v. Hill*, 116 Mo. 527.

These laws of Wisconsin and Missouri above cited are parallel statutes to the one under consideration. These enactments were possibly prompted by sentiments as refined and motives as laudable as that of preserving a natural park of forest jungle along the public highways in the Hawaiian Islands, still the purpose of the legislature in their enactment, however commendable it might be, would not justify the court in upholding them where as in this instance the statute is in conflict with the Constitution and violates one of the sacred safeguards thrown around private property, to-wit: That it shall not be "taken for public use without just compensation."

Let judgment be entered for the plaintiff.

*Hatch & Silliman* for plaintiff.

*E. P. Dole*, Attorney-General, for defendant.