**LACLEDE GAS COMPANY, a Corporation,
Plaintiff-Respondent,**

**v.**

**Ruth Wright ABRAHAMSON et al.,
Defendants,**

**John J. Gassner, Grace M. Gassner, Lawrence
B. Graflage, Clara P. Graflage, et al.,
Intervenors-Appellants.**

Nos. 45230, 45231.

Supreme Court of Missouri.

Division No. 1.

Nov. 12, 1956.

Motion for Rehearing or to Transfer to
Court en Banc Denied Dec. 10, 1956.

George W. Curran, Paul W. Lashly, St. Louis, for appellants.

Thompson, Mitchell, Thompson & Douglas, Guy A. Thompson, James M. Douglas,

Richard L. Eckhart, St. Louis, for respondent.

HYDE, Judge.

■ These cases are consolidated appeals from orders denying motions to intervene in an action to condemn easements in the described lands of defendants for the establishment, maintenance and operation of an underground gas storage reservoir. The question for decision is whether appellants (hereinafter called intervenors) have an absolute right to intervene under Section 507.090 (statutory references are to RSMo. and V.A.M.S.), under the circumstances hereinafter described, in an action which does not seek to condemn any rights in lands owned by them. We have jurisdiction because the construction of Section 26, Art. I of our 1945 Constitution is involved.

Plaintiff filed the condemnation suit under Chapter 523, Sections 523.010–523.100, pursuant to the Underground Gas Storage Act, Sections 393.410–393.510, alleging that it needed approximately 1800 acres for underground storage (of which it had acquired by purchase rights in 484 acres) which was located within a larger tract of 6000 acres which had underground formations suitable for gas storage. The 1800 acre tract was called the "dome area", claimed to contain an underground dome which was the highest part of the formations suitable for gas storage. The whole 6000 acre tract was known as the "Lange Area". Intervenors own land in the Lange Area outside the dome area. Plaintiff had obtained an order from the Public Service Commission as required by Section 393.440 that it was in the public interest for plaintiff to exercise the rights to condemn lands and the interests therein necessary or convenient to its operations for the storage of gas in four specified formations underlying the Lange Area at a depth of more than 1000 feet. We affirmed this order in Collins v. Public Service Commission of, Mis-

souri, Mo., 293 S.W.2d 345. Plaintiff, in this action, only sought to condemn the use of these formations under the dome area.

■ It seems to be agreed that gas will collect and remain in the highest part of the formations and that its pressure will push back the underground water and increase the amount and pressure of water under adjoining lands. Intervenors contend they have an interest in this case within the meaning of Subsection 1(2) Section 507.090, which gives them an absolute right to intervene, "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." Intervenors say they have an interest because of the effects of storage of gas in the dome area upon water under their lands; because plaintiff was given the right under the Public Service Commission order to condemn the entire Lange Area, which it expressly reserves; because they will not be free to contract with others for gas storage under their lands; and because the question of public use will be finally determined in this case. They also contend the Commission's order is invalid and the Underground Gas Storage Act is unconstitutional. However, since these appeals are from orders denying intervention, if intervenors did not have an interest sufficient to authorize them to intervene as a matter of right, these questions of validity and constitutionality, some of which have been determined in the Collins case, supra, could not be raised by them now in this Court, as they attempt to do in their brief. In State ex rel. Farmers Mutuals Auto Ins. Co. v. Weber, 364 Mo. 1159, 273 S.W.2d 318, 321, we defined "interest", as follows: " 'Interest', generally, means a concern which is more than mere curiosity, or academic or sentimental desire. One interested in an action is one who is interested in the outcome or result thereof because he has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree in such action." We further stated, 273 S.W.2d loc. cit. 321: "As used in the above quoted portion of Section 507.090, and in intervention statutes generally, 'interest' means a direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action, but such 'interest' does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action; to come within the above statute, the 'interest' must be such an immediate and direct claim upon the very subject matter of the action that intervener will either gain or lose by the direct operation of the judgment that may be rendered therein." See also Pine Lawn Bank & Trust Co. v. City of Pine Lawn, Mo.Sup., 285 S.W.2d 679, 685.

■ Whether intervenors have the necessary interest for mandatory intervention involves the determination of whether there was a taking under Section 26, Art. 1, Constitution. In this action, plaintiff does not seek to condemn rights in any land owned by them. Intervenors do not even claim an easement in the lands described in the petition for condemnation. (See Restatement of Property, Sec. 507.) We think our previous decisions show that any possible damage to their land would be consequential damages only resulting from the operation of gas storage on the land condemned, for which they might have a cause of action under Section 26, Art. 1, authorizing compensation for property damaged for public use. It could not result from the direct operation of the judgment sought. See Hill-Behan Lumber Co. v. Skrainka Construction Co., 341 Mo. 156, 106 S.W.2d 483, 485 and cases cited. In the Hill-Behan case, we pointed out our rulings " 'that all damages to which the constitutional provision refers are consequential except (1) those resulting from the actual taking of land; (2) and those occasioned to the remainder of a tract by

the taking of a part thereof'". In Prairie Pipe Line Co. v. Shipp, 305 Mo. 663, 267 S.W. 647, cited by intervenors, there was an actual taking of the right to lay a pipe line across the defendant's land. In City of St. Louis v. Hill, 116 Mo. 527, 22 S.W. 861, 21 L.R.A. 226 (also cited) there was an attempted taking by an invalid ordinance of an interest in defendant's land, namely the right to build on the front 40 feet. "Under this provision of the Constitution the only material difference between land being appropriated in whole or in part and being merely damaged is that in the former instance the compensation due must be paid before any of the land is taken, while in the latter instance the payment of compensation due for damage to the land need not be paid until the damage is inflicted." Guaranty Savings & Loan Assn' v. City of Springfield, 346 Mo. 79, 139 S.W.2d 955, 957.

▮ The purpose of this action is to take rights in certain described lands and to determine the compensation due the owners thereof for the rights taken from them. Persons not made defendants who had an interest in those lands would have an absolute right to intervene, but persons who are owners of adjoining lands and are only entitled to consequential damages to such lands do not have the interest in the action necessary to give them an absolute right to intervene. See 29 C.J.S., Eminent Domain, § 237 p. 1208 and cases cited; Jahr, Eminent Domain, Sec. 215. In City of Alhambra v. Jacob Bean Realty Co., 138 Cal.App. 251, 31 P.2d 1052, where adjoining landowners sought to intervene on the ground that a proposed reservoir on lands sought to be condemned would result in the depreciation of the market value of their lands, it was said: " 'The interest mentioned in the Code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the

judgment'." The Court held that no right to intervene was shown because the intervenor showed "no direct interest in the litigation but only a consequential interest in the probable use of the property if plaintiff is successful, and no possibility of gain or loss from the direct legal effect of any judgment that might be rendered." See also Arkansas State Highway Commission v. Kincannon, 193 Ark. 450, 100 S.W.2d 969; State v. Tedesco, 4 Utah 2d 31, 286 P.2d 785; Page v. Commonwealth, 157 Va. 325, 160 S.E. 33; University City v. Chicago, R. I. & P. Ry. Co., 347 Mo. 814, 149 S.W.2d 321; Feldman v. Star Homes, 199 Md. 1, 84 A.2d 903; United States v. Certain Parcels of Land, D.C., 30 F.Supp. 372. The two latter cases indicate that the court could properly permit intervention under its discretionary authority, 507.090, subd. 2(2), to present the issues of public use, invalidity of the Commission's order and unconstitutionality of the statute. However, discretionary authority was not intervenors' theory but instead they claimed an absolute right to intervene on their theory of having an interest which would be bound by the judgment; and they do not claim any abuse of discretion by the trial court. (Under the discretionary provision, the court could have denied intervention on failure to make timely application—one was made on the day the case was set for trial, the other two weeks after the trial commenced.

▮ Intervenors, in support of their claimed right to intervene, say they had the absolute right to be heard on the issue of whether the contemplated use was a public or private use, citing Bowman v. Kansas City, 361 Mo. 14, 233 S.W.2d 26 and Kansas City v. Hyde, 196 Mo. 498, 96 S.W. 201; 7 L.R.A.,N.S., 639. In the latter case this issue was raised by the defendant whose property the City sought to condemn and; of course, he had the right to raise it as a defense. The Bowman case was a suit by taxpayers to enjoin the City from using public funds to condemn for an alleged im-

proper purpose and this issue was raised by the plaintiffs' petition. Thus neither case is in point on the claim of an absolute right to intervene. We hold that intervenors did not have an absolute right to intervene in this case and that they will not be bound by the judgment herein on any claim they might have for consequential damages.

The orders denying intervention are affirmed.

All concur.