## Matter of Lucas

*Morton Fromm*, for minors.

*Henry M. Hipple*, for Commonwealth.

LIPEZ, P. J., December 20, 1956.—This matter is before us on the exceptions filed by Commonwealth of Pennsylvania, Department of Public Assistance,

to the accounts of the First National Bank of Lock Haven, guardian of the estates of Kenneth Paul Lucas and Martha Jane Lucas, minor children of Minnie B. Lucas, deceased. The Commonwealth contends that it is entitled to reimbursement out of these estates for assistance granted for the benefit of the above minors and has stipulated that the decision shall be based upon an agreed statement of facts as follows:

Minnie B. Lucas died October 3, 1948, as the result of an accident involving a collision with a train on the New York Central Railroad. She left to survive, among her heirs at law, four minor children, one of whom became of age prior to December 31, 1951.

Robert H. Lucas, administrator of the Minnie B. Lucas Estate filed suit against the railroad company under the wrongful death statutes for the benefit of the children. A compromise settlement of $9,750 was approved by the court in which the action was instituted. After the payment of the appropriate expenses of the estate, there was a balance of $6,374 which was divided into four equal shares of $1,593.50 each. The compromise settlement was made in the year 1951. The First National Bank of Lock Haven was named guardian for the three minor children of Minnie B. Lucas. Two of the minor children have become of age, namely, Kenneth Paul Lucas and Martha Jane Lucas. The guardian filed its accounts in these two estates. The accounts show a balance in each of $1,629.59.

From October 7, 1948, to September 9, 1950, the Department of Public Assistance, Commonwealth of Pennsylvania, paid the sum of $697.40 for the benefit and assistance of Kenneth Paul Lucas, and from October 7, 1948, to June 25, 1950, paid the sum of $722.70 for the benefit and assistance of Martha Jane Lucas.

The above assistance was granted and paid sub-

sequent to the death of Minnie B. Lucas October 3, 1948, and payments ceased prior to the approval and payment of the compromise settlement. This assistance was paid for the benefit of the minor children to the persons with whom they were residing, who were relatives.

Prior to the filing of the first and final account, the Commonwealth demanded reimbursement of these amounts respectively from the guardian of the estates of the two minors. The guardian denied the claim of the Commonwealth, and when it filed its accounts it failed to include therein as an amount payable by the guardian the claims of the Commonwealth of Pennsylvania. The Commonwealth excepted to the failure of the guardian to so include its claims.

The Commonwealth claims are based on the provisions of section 4(a) of The Support Law of June 24, 1937, P. L. 2045, as amended by the Act of June 9, 1939, P. L. 310, which provides as follows:

"The real and personal property of any indigent person shall be liable for the expenses of his support, maintenance, assistance and burial, incurred by any public body . . . if such property was owned during the time such expenses were incurred, or if the right to ownership of such property existed or was acquired during the time such expenses were incurred." *

---

* The act was further amended by the Act of September 26, 1951, P. L. 1455, 62 PS §1974, which, as amended, provides as follows:

"The real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance and burial, and for the expenses of the support, maintenance, assistance and burial of the spouse and minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted." This amendment, of course, is not applicable to the funds involved in this proceeding.

The Supreme Court held in Reiver's Estate, 343 Pa. 137, that while at common law there was an implied duty on the part of the recipient of public assistance, or his estate, to make reimbursement even out of property subsequently acquired, The Support Law, however, limits such right of recovery to property owned by the beneficiary during the time the assistance was rendered or his right to ownership of which existed or was acquired during such time. The question herein, therefore, is whether the minors' rights arising out of their mother's death are property. We believe they are not.

Death actions are purely the creation of statutes; the "statutory action is derivative because it has as its basis the same tortious act which would have supported the injured party's own cause of action [citing cases]. *Its derivation however is from the tortious act and not from the person of the deceased* . . . ": Kaczorowski v. Kalkosinski, 321 Pa. 438, 440. (Italics supplied.)

Property is defined in Willcox v. Penn Mutual Life Ins. Co., 357 Pa. 581, 595: "According to common law concepts property is 'the right of any person to *possess, use, enjoy and dispose* of a thing'. Wynehamer v. The People, 13 N. Y. 378, 433. It 'is composed of certain constituent elements, to-wit: The unrestricted right of *use, enjoyment and disposal,* of that object': City of St. Louis v. Hill, 116 Mo. 527, 533, 22 S. W. 861, 862."

It is well settled in Pennsylvania that a right of action for a purely personal tort is not assignable before judgment. As stated in Manganiello v. Lewis, 122 Pa. Superior Ct. 435, at page 437: "The case of Marsh v. Western N. Y. & P. Ry. Co., 204 Pa. 229, 231, 53 A. 1001, involved an action for personal injuries and what was there said is pertinent here. 'The

claim is at most, one for unliquidated damages, in an action sounding in tort, and is therefore under the authorities, not capable of assignment before verdict. A case in point, is Rice v. Stone, 83 Mass. 566, where it is said that it is a principle of law "applicable to all assignments, that they are void, unless the assignor has either actually or potentially the thing which he attempts to assign. A man cannot grant or charge that which he has not".' "

Thus, it is clear that since one's right af action arising out of a tort is not a "thing" "actually or potentially", and hence not assignable, the necessary elements of property, to wit, the right to "possess, use, enjoy and dispose of a thing" are not present. Such right is therefore not property, and since the minors' rights are derived from the tortious act, they, too, are not property.

In Bronzo's Estate, 51 Lack. Jur. 129, the Orphans' Court of Lackawanna County (Brady, P. J.), in a well considered opinion involving interpretation of The Support Law, held that an action in tort for personal injuries is not personal property nor is it a right to ownership of property nor is it the acquisition of a right of ownership and has none of the attributes of property rights. As stated at page 137: "The term 'personal property' has a precise and well settled meaning in our jurisprudence. It has never included a naked cause of action in tort for personal injuries." That court, too, was of the opinion that rights of action under the survival acts are not property.

It is apparent that the legislature felt that the act did not cover the tort situation for its 1951 amendment provided for reimbursement also "if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted." It would appear that under this amendment, rights of action thereafter arising

from torts would form a basis for recovery by the Commonwealth. See Lopes Estate, 87 D. & C. 577.

We, therefore, enter the following

*Order*

And now, December 20, 1956, the exceptions to the accounts are dismissed and the accounts of the First National Bank of Lock Haven, guardian of the estates of Kenneth Paul Lucas and Martha Jane Lucas, are confirmed and the statements of proposed distribution are approved and distribution in accordance therewith awarded.