J-A30017-19

2021 PA Super 1

JOAN P. GROVE

     v.

PERRY A. & LANA R. LUTZ, AND
NCWPCS MPL 24 YEAR SITES
TOWER HOLDINGS LLC

APPEAL OF: PERRY A. & LANA R.
LUTZ

:    IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
:
:
:
:
:
:
:    No. 952 MDA 2019
:
:
:
:

Appeal from the Order Entered May 22, 2019
In the Court of Common Pleas of York County Civil Division at No(s):
2017-SU-000948

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

OPINION BY DUBOW, J.:          **FILED: JANUARY 4, 2021**

This case involves a seller's attempt to extend a lease, and collect the

lease payments, on a property after the seller had sold the property to the

buyers. In particular, Appellee Joan P. Grove ("Seller") owned the property at

issue and in 2003, sold the property to Appellants Perry A. and Lana R. Lutz

("Buyers"). In 2015, twelve years after Seller sold the property to Buyers,

Seller entered into an amended lease in order to continue to collect rents from

a tenant on the property. Even though Seller no longer owned the right to

lease the property, the trial court blessed the transaction. Thus, the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

erroneously granted Seller's Motion for Judgment on the Pleadings and denied Buyers' Motion for Judgment on the Pleadings and we reverse.

**Factual History**

Seller and her now-deceased husband owned a 67-acre farm in Chanceford Township, York County. In 1993, they executed a "Land Lease Agreement" ("1993 Lease") with the Pennsylvania Cellular Telephone Co. ("Tenant")[1] in which Tenant agreed to pay rent to the Seller in exchange for the Tenant's right to install and maintain a cell communication tower on a portion of their property ("Property"). The term of the 1993 Lease, including renewal terms, extended until 2019:[2]

> 2. Term. This [Lease] shall commence on the date hereof and shall continue in effect for an initial term (the "Original Term") of five years from the Rental Commencement Date (as defined below). Thereafter, this agreement shall continue in force and effect upon the terms and conditions herein for four (4) renewal terms of five (5) years each unless Lessee terminates this [Lease] by providing written notice to Lessor at least sixty (60) days before the expiration of the Original Term or any renewal term.

1993 Lease, annexed as Exh. A to Complaint-Action for Declaratory Judgment, dated 4/17/17.

---

[1] NCWPCS MPL 24 Year Sites Tower Holdings LLC ("NCWPCS") is a successor to Pennsylvania Cellular Telephone Company and a party to the proceedings below. NCWPCS, however, is not a party to this appeal.

[2] Although the Lease was executed in 1993, the record indicates that the Lease commenced on June 16, 1994.

On October 10, 2003, Seller sold two parcels of land, which included the Property, and all rights attendant to those parcels of land, to Buyers. The Deed specifically provides:

> WITNESSETH, That in consideration of THREE HUNDRED EIGHTY THOUSAND ($380,000) DOLLARS, in hand paid, the receipt whereof is hereby acknowledged, the said **Seller does hereby grant and convey to the said Buyer, their heirs and assigns, ALL the following described two (2) parcels of land** . . . .

Deed**,** Exh. F annexed to Complaint (emphasis added). The Deed did not reserve to Seller any rights in the Property. Rather, the Deed merely acknowledged the existence of the 1993 Lease and granted to Seller the right to receive those rents until 2019 when the 1993 Lease expires:

> **The rent for the communication tower is reserved to the seller**. . . for the remainder of the term of the lease and for the additional term extensions as set forth in the lease dated December 21, 1993.

Deed, ¶¶ 11(b)(emphasis added).

In 2015, unaware that Seller had sold the Property, Tenant approached Seller to negotiate an extension of the 1993 Lease. On March 24, 2015, Seller and Tenant executed a Third Amendment to the 1993 Lease ("Third Amendment"). Tenant agreed to continue to pay rent to Seller for the use of the Property with options to extend the term for forty years or until June 15, 2059. Third Amendment, annexed to Complaint at Exh. H.

**Procedural History**

On April 7, 2017, Seller filed an action against Buyers and Tenant seeking a judgment declaring that the Third Amendment is valid and that she has the right to collect cell tower rents until 2059. Complaint at 11.

Tenant filed an Answer and New Matter, which it later amended to include a counterclaim asserting breach of contract in the event that the trial court determined that the Deed did not give Seller the authority to extend the term of the Lease beyond June 2019.[3] Buyers filed an Answer, New Matter, and a Counterclaim seeking a Declaratory Judgment that Seller's rights to any cell tower rental payments expired in June 15, 2019.[4]

Seller filed preliminary objections to Tenant's Amended Answer, New Matter and Counterclaim. The Honorable N. Christopher Menges denied the preliminary objections after a hearing held on May 11, 2018.

**Motions for Judgment on the Pleadings**

On October 26, 2018, Buyers and Tenant filed a joint Motion for Judgment on the Pleadings seeking dismissal of Seller's Complaint based on their respective counterclaims that Buyers, as of June 16, 2019, have the right to receive the rental payments from the Property. ("Buyer's and Tenant's Motion for Judgment on the Pleadings"). Seller filed an Answer in opposition.

---

[3] NCWPCS Am. Answer, New Matter & Counterclaim, 1/16/18, at 15, ¶22.

[4] **See** Buyers Ans., New Mtr, and Counterclaim, 06/12/17, at 6-8 (unpaginated).

On January 11, 2019, Judge Richard K. Renn denied the Buyers' Motion for Judgment on the Pleadings. The court concluded that "because the [D]eed between the parties expressly includes reference to the lease agreement and [Seller's] reservation of rights to the rental from the tower," the terms of the Lease itself and principles of contract law validated the Third Amendment. Order denying NCWPCS Motion for Judgment on the Pleadings, filed 1/11/19, at 9-11.

**Seller's Motion for Judgment on the Pleadings**

On February 25, 2019, Seller filed a Motion for Judgment on the Pleadings. She averred that because of the trial court's January 11th Order, the "law of the case" doctrine applies. Accordingly, she reasoned, she is entitled to a declaratory judgment allowing her to receive the cell tower rents in accordance with the Third Amendment to the Lease.[5] Plntf's Motion, 2/25/19, at 3-4.

On May 22, 2019, the trial court granted Seller's Motion for Judgment on the Pleadings. The court reiterated its prior reasoning that the Lease and Third Amendment should be construed together and held that it was bound by its prior January 11, 2019 Order. Trial Ct. Order, 5/22/19, at 6.

Buyers filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) Opinion referring this

---

[5] Tenants took no position on the Seller's Motion for Judgment on the Pleadings. **See** NCWPCS MPL's Statement in Response, filed 3/25/19.

Court to its prior January 11, 2019, and May 22, 2019 Orders resolving the Motions for Judgment on the Pleadings.

## Issues on Appeal

Buyers raise the following questions for our resolution:

1. Did the [c]ourt below err as a matter of law and/or abuse its discretion in denying [Buyer's] Motion for Judgment on the Pleadings, when the Deed executed by [Seller] clearly and unambiguously cut off her right to receive cell tower rental payments as of June 15, 2019?

2. Did the [c]ourt below err as a matter of law and/or abuse its discretion when it granted [Seller's] Motion for Judgment on the Pleadings based on its determination that its decision denying [Buyers'] Motion constituted the law of the case, even though there were abundant allegations by [Buyers] which necessitated denial of [Seller's] Motion?

3. Did the [c]ourt below err as a matter of law and/or abuse its discretion when it denied [Buyers] the opportunity to conduct discovery and present evidence related to the language of the Deed and the parties' intentions?

4. Did the [c]ourt below err as a matter of law and/or abuse its discretion when it ignored the fact that [Seller] had come to the [c]ourt with unclean hands, where the Lease Amendment she signed contained numerous material misrepresentations concerning her ownership rights?

Appellants' Brief at 3.

## Legal Analysis

Our review of a decision to grant a Motion for Judgment on the Pleadings is limited. *In re Weidner*, 938 A.2d 354, 358 (Pa. 2007). "A motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible." *Id*. (citation omitted).

- 6 -

***See also Front St. Dev. Assocs., L.P. v. Conestoga Bank,*** 161 A.3d 302,

307 (Pa. Super. 2017) (reiterating that a court properly grants judgment on

the pleadings "when there are no disputed issues of fact and the moving party

is entitled to judgment as a matter of law." (citation omitted)). Because this

presents a legal question, our scope of review is plenary. ***Weidner***, 938 A.2d

at 358.

Each issue raised in this appeal requires that we examine the meaning

of the Deed. "When construing a deed, a court's primary object must be to

ascertain and effectuate what the parties themselves intended" by first

examining the meaning of plain words of the deed itself. ***Consolidation Coal***

***Co. v. White****,* 875 A.2d 318, 326 (Pa. Super. 2005) (citation omitted). Among

the factors the court should consider is the nature of the interest conveyed:

> [C]ertain rules are applicable in the construction of deeds. Among
> such rules are those providing: **(1) that the nature and
> quantity of the interest conveyed must be ascertained from
> the instrument itself and cannot be orally shown** in the
> absence of fraud, accident or mistake and we seek to ascertain
> not what the parties may have intended by the language but what
> is the meaning of the words; (2) effect must be given to **all** the
> language of the instrument and no part shall be rejected if it can
> be given a meaning; (3) the language of the deed shall be
> interpreted in the light of the subject matter, the apparent object
> or purpose of the parties and the conditions existing when it was
> executed.

***Yuscavage v. Hamlin****,* 137 A.2d 242, 244 (Pa. 1958) (some emphasis in

original); ***Mackall v. Fleegle***, 801 A.2d 577, 581 (Pa. Super. 2002). ***See***,

***i.e.***, ***Edgett v. Douglas***, 22 A. 868 (Pa. 1891) (ascertaining the intent of the

parties in reserving a right contained in a deed by construing the plain meaning of the words used).

In this case, Buyers argue that when Seller conveyed the Property to them in 2003, Seller conveyed all of her rights to the Property, including her right to lease the Property. Thus, Seller lacked the authority to enter the Third Amendment and has no right to receive the rents pursuant to the Third Amendment. Appellants' Br. at 10-12. Buyers conclude that the trial court erred in denying Buyers' Motion for Judgment on the Pleadings. We agree.

In the instant case, the Deed clearly and unambiguously transferred the two parcels, including the Property, to the Buyers. The Deed specifically provides:

> WITNESSETH, That in consideration of THREE HUNDRED EIGHTY THOUSAND ($380,000) DOLLARS, in hand paid, the receipt whereof is hereby acknowledged, the said **Seller does hereby grant and convey to the said Buyer, their heirs and assigns, ALL the following described two (2) parcels of land** . . . .

Deed, Exh. F annexed to Complaint (emphasis added).

Such a conveyance includes the conveyance of all rights attendant to the property, including the right to lease the property. ***See Wilcox v. Penn Mut. Life Ins. Co.***, 55 A.2d 521, 528 (Pa. 1947) (reiterating that the essential attribute of property ownership is the right to "possess, use, enjoy and dispose" of the property. (citation and emphasis omitted)).   Thus, Seller transferred her right to lease the Property to Buyers in 2003.

The trial court erroneously relies on the provision in the Deed that provides Seller with the right to receive rents from the 1993 Lease as reserving to Seller the right to lease the Property after she sold the Property to Buyers. This provision provides:

> **The rent for the communication tower is reserved to the seller**. . . **for the remainder of the term of the lease** and for the additional term extensions as set forth in the lease dated December 21, 1993.

Deed, §11(b) (emphasis added). The clear and unambiguous language of this provision is merely to allow Seller to collect the rent for the remaining term of the 1993 Lease. It does not, either explicitly or implicitly, grant to Seller the right to lease the Property after the sale. Thus, Seller held no interest to transfer to the Tenant when she entered into the Third Amendment and had no authority to convey that right to the Tenant. Since Seller, when she entered into the Third Amendment, attempted to transfer an interest in real estate that she did not hold, the Third Amendment is void.

To accept the trial court's interpretation of the Deed—that Seller held the right to lease the Property after the sale—requires us to rewrite the language of the Deed and add to the Deed language granting Seller the right to lease the Property after the sale. This right was not part of the transaction and was not mentioned in the Deed. Since the Deed clearly and unambiguously transferred all rights attendant to the Property to Buyers in 2003 and is silent about granting Seller the right to lease the Property after the sale, the trial court erroneously granted this right to Seller.

For the foregoing reasons, we conclude the trial court erred as a matter of law in denying Buyers' Motion for Judgment on the Pleadings and subsequently granting Seller's Motion for Judgment on the Pleadings. Accordingly, we (1) reverse the January 11, 2019 Order; (2) reverse the May 22, 2019 Order; and (3) remand for further proceedings.[6]

Orders reversed. Case remanded. Jurisdiction relinquished.

Judge Colins joins the opinion.

Judge Nichols files a concurring and dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/04/2021

---

[6] Since Seller conveyed her right to lease the property when she sold it in 2003, Seller lacked the authority to enter into the Third Amendment to the Lease in 2015. Thus, the Third Amendment to the Lease is void and Tenant's Counterclaim of breach of contract is revived. Further, we leave it to the trial court to address whether the Tenant erroneously paid rent to the Seller and any remedies that the Buyers may have.

- 10 -