J-A30017-19

2021 PA Super 1

| | | |
|---|---|---|
| JOAN P. GROVE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERRY A. & LANA R. LUTZ, AND | : | |
| NCWPCS MPL 24 YEAR SITES | : | |
| TOWER HOLDINGS LLC | : | No. 952 MDA 2019 |
| | : | |
| | : | |
| APPEAL OF: PERRY A. & LANA R. | : | |
| LUTZ | : | |

Appeal from the Order Entered May 22, 2019
In the Court of Common Pleas of York County Civil Division at No(s):
2017-SU-000948

BEFORE: DUBOW, J., NICHOLS, J., and COLINS, J.[*]

CONCURRING AND DISSENTING OPINION BY NICHOLS, J.:

**FILED: JANUARY 4, 2021**

I concur with the majority's conclusion to reverse the trial court's decision, but I disagree with its reasoning, and therefore, I respectfully dissent in part.

The Deed provides that the "rent for the communication tower is reserved to [Seller], her heirs, executors, administrators and assigns for the remainder of the term of the lease and for the additional term extensions as set forth in the lease dated December 21, 1993." Deed at ¶ 11(b). The majority asserts that the "Deed did not reserve to Seller any rights in the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Property," but then quotes the Deed's clause that the "rent for the communication tower is reserved to" Seller. Majority Slip Op. at 3. A reservation (or an exception) clause, of course, may encompass rent. ***Butler v. Charles Powers Estate ex rel. Warren***, 65 A.3d 885, 887 (Pa. 2013); ***Ralston v. Ralston***, 55 A.3d 736, 741-42 (Pa. Super. 2012) (distinguishing the terms "reservation" and "exception" and explaining that "even if the term 'reservation' is used, if the thing or right reserved is in existence, then the language in fact constitutes an exception[, which] retains in the grantor the title of the thing excepted" (citations omitted)). Here, Seller is the grantor.

In any event, notwithstanding the aforementioned clause, the majority nonetheless construes the Deed as including "the conveyance of all rights attendant to the property, including the right to lease the property." Majority Op. at 8 (quoting ***Willcox*** for the proposition "that the essential attribute of property ownership is the right to 'possess, use, enjoy and dispose' of the property"). Therefore, the majority holds that Seller "transferred her right to lease the Property to the Buyers in 2003." ***Id.***

Initially, I do not read ***Willcox*** as broadly as the majority. First, ***Willcox*** resolved questions regarding the interpretation of the Community Property Law of 1947, and not real property. ***Willcox***, 55 A.2d at 522.[1] It

_____

[1] The ***Willcox*** Court explained as follows:
*(Footnote Continued Next Page)*

is an "axiom that decisions are to be read against their facts, [which] prevents the wooden application of abstract principles to circumstances in which different considerations may pertain." *Maloney v. Valley Med. Facilities, Inc.*, 984 A.2d 478, 485-86 (Pa. 2009) (citation omitted); *accord Morrison Informatics, Inc. v. Members 1st Fed. Credit Union*, 139 A.3d 1241, 1247 (Pa. 2016) (noting, "the holdings of judicial decisions are to be read against their facts" (citation omitted); *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 397 (Pa. 2014) (stating, "[T]his Court's decisions

*(Footnote Continued)* ─────────────

> The Community Property Law proclaims that property acquired by either spouse during marriage and after the effective date of the act, except that which is the separate property of either, shall be deemed the community or common property of the husband and wife, and each shall be vested with an undivided one-half interest therein. Practically all the remaining provisions, however, would seem to be in conflict with this pronouncement, with the apparent result that each spouse is not in reality given an undivided one-half interest in the so-called community or common property. For what is meant by the ownership of property? According to common law concepts property is 'the right of any person to possess, use, enjoy and dispose of a thing.' *Wynehamer v. People*, 13 N.Y. 378, 433. It 'is composed of certain constituent elements, to wit, the unrestricted right of use, enjoyment, and disposal of that object.' *City of St. Louis v. Hill*, 116 Mo. 527, 533, 22 S.W. 861, 862, 21 L.R.A. 226. Is the wife, or the husband as the case may be, invested by the Community Property Law with any real right to the possession, use, enjoyment and disposal of the alleged community property in which she or he is said to be given a one-half interest? An analysis of some of the provisions of the act will show that that question must be answered in the negative.

*Willcox*, 55 A.2d at 528.

are read against the facts because 'our decisional law generally develops incrementally, within the confines of the circumstances of cases as they come before the Court. For one thing, it is very difficult for courts to determine the range of factual circumstances to which a particular rule should apply in light of the often myriad possibilities'" (citations omitted)).

Second, **Willcox** did not construe any deed. In contrast, in **Wright v. Misty Mountain Farm, LLC**, 125 A.3d 814 (Pa. Super. 2015), the sellers sold the property at issue to the buyers, subject to a clause in the deed referencing a preexisting oil and gas lease. **Wright**, 125 A.3d at 817. Specifically, the deed had two "exceptions and reservations," which follow:

> Excepting and reserving unto the herein grantors all rights in oil, gas and minerals on property hereby conveyed with the right of ingress and egress and the further right to build or establish coal tipples, and to remove said minerals with least damage as possible to said lands, said oil and gas having been leased under Lease dated June 16, 1949 . . . .

> Further, reserving unto the herein grantors the right to maintain, operate and use saw mill on said property for a period of six months from the date hereof, all property of said mill to be fully removed from said premises six months from the date hereof.

**Id.** The 1949 lease expired, and the property buyers and their successors in interest subsequently executed leases. **Id.** Eventually, the successors in interest to both the buyers and sellers disputed ownership of the oil and gas rights. **Id.**

The trial court granted summary judgment in favor of the sellers' successor in interest. **Id.** at 817-18. The buyers' successor in interest

appealed, arguing that because the sellers' preexisting oil and gas lease expired in 1959, the oil and gas rights vested in the buyers' successors in interest. *Id.* at 819. The *Wright* Court explained that the first deed clause was an exception and the second deed clause was an exception to an exception. *Id.* at 821. Because the first deed clause was an exception, the *Wright* Court rejected the buyers' successor in interest's argument and held that the rights to lease the oil and gas belonged to the sellers' successors in interest—not the buyers' successor in interest. *Id.* at 821-22 (noting that the "fact that the [buyers and their successors] have treated the oil and gas as their own, and have leased the oil and gas several times over the years, is of no moment. Under the law, title to the oil and gas has always belonged to the [sellers] and their successors in interest").

Here, although I agree with the majority's result, I do so on different grounds. Further, I disagree with the majority's holding that the "conveyance of all rights attendant to the property, including the right to lease the property," unreservedly terminated the Seller's right to extend the Lease. Majority Op. at 8. In my view, the Deed clause at issue contains a latent ambiguity resulting in two reasonable interpretations, such that the trial court should have denied the Seller's motion for judgment on the pleadings. *See Synthes USA Sales, LLC v. Harrison*, 83 A.3d 242, 251 (Pa. Super. 2013). The first reasonable interpretation is that the Deed clause "December 21, 1993" is a limiting adjectival phrase restricting the

Seller only to the original and renewal terms set forth in the Lease—an interpretation raised by the Buyers and rejected by the trial court. *See* Trial Ct. Order, 1/11/19, at 11; *see also* Appellants' Brief at 14. The second reasonable interpretation is that the Deed clause "December 21, 1993" is a descriptive label that did not bar the Seller and NCWPS from amending the Lease—an interpretation raised by the Buyers and adopted by the trial court. *See* Trial Ct. Order at 11-12; *see also* Appellee's Brief at 19-20. Akin to *Wright*, I suggest that Seller's right to renew a lease relating to the property may not necessarily unconditionally terminate when the property is sold. *See Wright*, 125 A.3d at 819-22.

Given this stage of the proceedings, I would remand for further proceedings to construe the Deed rather than, as the majority does here, grant outright relief to the Buyers. For these reasons, I respectfully concur in the relief granted but dissent from the majority's reasoning.