# Staunton

## E. A. PAGE, ET AL. V. COMMONWEALTH OF VIRGINIA, EX. REL., ET AL.

September 17, 1931.

Present, Prentis, C. J., and Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Wm. G. Maupin,* for the appellants.

*John N. Sebrell,* for the appellees.

HUDGINS, J., delivered the opinion of the court.

The council of the city of Norfolk passed an ordinance on January 14, 1930, directing the city manager to purchase a tract of 14,841 acres of land, situated on Chesapeake bay at Little creek, for the purpose of providing a bathing beach and recreation park for the colored inhabitants of the city, and appropriating $14,841.00 for that purpose, and further providing that in the event the city manager was unable to purchase the property, which was owned by the New York, Philadelphia and Norfolk Railroad Company and under lease to the Pennsylvania Railroad Company, it should be condemned.

The city of Norfolk was unable to purchase the property from the owners. Inasmuch, therefore, as both the city and the two railway companies possessed the power of eminent domain, it became necessary for the city to obtain permission from the State Corporation Commission to institute condemnation proceedings.

The city filed its petition with the Commission, to which petition the New York, Philadelphia and Norfolk Railroad Company and the Pennsylvania Railroad Company filed answers admitting that the property in question was owned by the one and leased by the other; that the property was no longer essential to the purposes of either, and that they did not object to its condemnation.

Thereupon E. A. Page, Joseph Morris, W. Fay Garrett, J. W. Reed, and J. W. Watkins, for themselves and others over the objection of the petitioner, were granted leave to intervene. After a full hearing, the Commission granted the city of Norfolk the right to institute condemnation proceedings.

From this order the intervenors appealed. The city of Norfolk moved to dismiss the appeal on the ground that the appellants, E. A. Page and others, had no such interest in the controversy as entitled them to become parties to the proceedings, or to appeal from the order of the State Corporation Commission. This requires the construction of section 3832 of the Code of 1919, which reads as follows:

"No corporation shall take by condemnation proceedings any property belonging to any other corporation possessing the power of eminent domain, unless after hearing all parties in interest, the State Corporation Commission shall certify that a public necessity or that an essential public convenience shall so require, and shall give its permission thereto; and in no event shall one corporation take by condemnation proceedings any property owned by and essential to the purposes of another corporation possessing the power of eminent domain."

Prior to the adoption of section 1105e Pollard's Code, Acts 1902-03-04, chapter 270, the law in this State was that land having been set apart for a specific public use could not be condemned by another corporation possessing the power of eminent domain, unless expressly, or by necessary impli-

cation, so authorized by legislative enactment. See *Alexandria, etc., Ry. Co.* v. *Alexandria, etc., R. Co.*, 75 Va. 780, 40 Am. Rep. 743; *Richmond, F. & P. R. Co.* v. *Johnston,* 103 Va. 456, 49 S. E. 496.

By the provision of the above section, the legislature has delegated to the Corporation Commission the authority, if certain conditions exist, to permit one corporation clothed with the power of eminent domain to take the property of another corporation clothed with the same power, thus designating a tribunal before which such corporations may, without unreasonable delay, settle contentions of this nature.

Primarily, then, "parties in interest," as used in the section, means the party desiring to condemn, on the one hand, and the owner of the land, on the other. The intervenors here, however, belong to neither class. They contend that they are persons in interest because (1) they were allowed to intervene by order of the Corporation Commission; (2) that they are citizens, property owners and taxpayers of the city of Norfolk; that they own property in the immediate vicinity of and adjacent to the property sought to be condemned, and that the value of their property will be diminished if the city of Norfolk puts the property to the proposed use.

The Corporation Commission is expressly authorized by the Constitution to exercise functions which are much broader in their general scope than those ordinarily coming under the judicial department, and in the proper performance of these duties admits, and hears parties who, in the strict legal sense, are not interested in the subject matter. Permitting the appellants to intervene does not affect their status as interested parties, nor does it necessarily follow that the Commission was of opinion that they were interested parties, in the legal sense.

The city of Norfolk in undertaking to establish a

bathing beach and recreation park for the benefit of its colored citizens is not attempting to do an illegal thing. The purpose for which the city proposes to spend public money is within the power expressly delegated to it both by general law and its charter. Section 3032b of the Code of 1930 (Michie), reads as follows:

"Any city, town or county may establish and conduct a system of public recreation and play grounds; may set apart for such use any land, or buildings owned or leased by it; may acquire land, buildings and other recreational facilities by gift, purchase, lease, condemnation or otherwise and equip and conduct the same;  *  *  *  "

Section 2, subsections 5 and 25, of the city charter, reads in part as follows:

"To acquire by purchase, gift, devise, condemnation or otherwise, property, real and personal, or any estate or interest therein, within or without the city or State, for any of the purposes of the city.

"To provide and maintain, either within or without the city, charitable, recreative, curative, corrective, detention or penal institutions."

The appellants contend that they are interested parties in the sense in which that term is used in the case of *Jones* v. *Rhea,* 130 Va. 345, 107 S. E. 814, 821. That case involved the right of the minority members of the Westmoreland club in the city of Richmond to appeal from an order of the Corporation Commission authorizing a merger between the Westmoreland and the Commonwealth clubs. The court held that the interest of the minority members was immediate and direct, and that membership entitled one to certain social opportunities and enjoyments, and affords him an interest, though not a transmissible interest, in the club property, and an effort to oppose such a merger was an effort on the part of such members to assert a material right.

In the case at bar, the interest of the citizens and taxpayers is indirect and remote and is nearer in line with the decision of this court in the case of *Board of Supervisors* v. *Gorrell,* 20 Gratt. (61 Va.) 484, in which case the board of supervisors of Culpeper county proceeded to condemn certain land for the purpose of locating thereon a court house, clerk's office and jail. Gorrell and others sought to intervene and appeal on the ground that they were "citizens of the county, owners of real estate, and taxpayers therein," but they did not have an interest in the land sought to be condemned. The court held that "any indirect interest they may have had in the subject as citizens, taxpayers and landowners of the county was not sufficient to make them proper parties."

It is true that the statute then existing provided an appeal to "any person who is party to the case." The present statute, section 3833 of the Code, is in part taken from section 1105e, subsection 53 of Pollard's Code (Code 1904), which provided, among other things, that "an appeal shall also lie from any action of said Commission under section 52 of this chapter (now section 3832) at the instance of any party in interest." The revisors, in their note, interpret section 3833 to give an appeal to any person interested. It is clear that the interest here alluded to must be direct, and not indirect and remote.

In the case of *Jones* v. *Rhea, supra,* the court cited the *Gorrell Case, supra,* and pointed out the difference between the two cases, saying:

"In the *Gorrell Case,* the persons claiming to be aggrieved were not aggrieved in the contemplation of the law. The interest they claimed was too remote. In the instant case the interest of the petitioners was immediate and direct."

A similar question arose in the case of *County Court* v. *Armstrong, Judge,* 34 W. Va. 326, 12 S. E. 488. In a syllabus by the court is found the following:

"1. Citizens and taxpayers merely as such, having no special property or interest to be affected, save in common with all other citizens and taxpayers, cannot become parties to a proceeding by a county court to alter the location of and rebuild a county bridge, and cannot sustain an appeal to review such proceeding under section 47, chapter 39, Code 1887.

"2. A circuit court cannot entertain an appeal obtained in such case by such citizens and taxpayers, and a writ of prohibition will go to prohibit such court from entertaining such an appeal.

"3. To prosecute an appeal under said section 47, a person must have such interest to be affected that it may properly be said that he is aggrieved by the proceeding complained of."

■ ■ The other ground on which the appellants base their right to intervene, *i.e.*, that the value of the adjacent property owned by them will be diminished by the proposed public use of the property desired, necessarily raises the question of damages, a question which the Corporation Commission is not authorized to settle, and hence one which does not arise in these proceedings. The condemning corporation must prove two facts to entitle it to the desired permit: (1) that a public necessity or an essential public convenience requires that the land shall be taken; (2) that the property was not essential to the purposes of another corporation possessing the power of eminent domain. If these two facts exist the Commission is required to grant the permit.

Whether or not the intervenors will suffer any damages in contemplation of law is not now before the court. All that the order of the Corporation Commission does is to permit the city of Norfolk to proceed with its condemnation proceedings, and if the private property of the intervenors will be damaged within the legal sense by the proposed use,

that damage will be ascertained by the court in which the condemnation proceedings are instituted. Hence, the motion to dismiss the appeal should prevail.

On the merits, we think the action of the Commission is plainly right. The owners and lessees of the land admit that it is not essential to their purposes. The only question, then, before the Commission was whether a public necessity or an essential public convenience required the condemnation of this particular land.

Briefly, the facts relied upon were that the negro population of the city of Norfolk constitutes very nearly one-third of the total population; that the municipality had acquired certain lands for the purpose of creating a recreation park and bathing beach for the white inhabitants, which in due time would be developed; that there were no municipally owned parks or bathing beaches for the colored people and those privately owned were inadequate; that a committee was appointed by the city council to make a survey of the problem and consider a place suitable for the location of such a recreation park and bathing beach; that after a survey of all the property available for this purpose the city council reached the conclusion that the land sought to be acquired was the most desirable of any available.

This property is situated about two miles from the city limits and so located that reasonable access to it can be furnished without unreasonable expense; that it is in a sparsely settled section, is more or less isolated, and in the proposed use as little contact will be made with the white inhabitants as could be expected in the growing section of which Norfolk city is the center.

■ Segregation of the races is a public policy expressed in numerous statutes. The determination of suitable recreational facilities for both the white and the negro population is left to a great extent in the discretion of the municipal authorities.

■ In the instant case, the council of the city of Norfolk, after a careful survey of the situation, has declared that an essential public convenience or public necessity requires that the property in question be taken. The Corporation Commission has approved that conclusion, and we likewise approve its action.

■ When this court reviews an appeal from the Corporation Commission it is necessary to consider that part of section 156 of the Constitution, which reads thus, "that the action of the Commission appealed from shall be regarded as *prima facie* just, reasonable and correct \* \* ."

Viewed in this light, we find no cause to reverse the finding of the Commission, and the order is affirmed.

*Affirmed.*