[Civ. No. 8602. Second Appellate District, Division Two.—April 24, 1934.]

CITY OF ALHAMBRA (a Municipal Corporation), Respondent, v. JACOB BEAN REALTY COMPANY (a Corporation) et al., Defendants; ALICE H. GRAVES, Appellant.

Walter F. Hass, H. C. Johnston and Gerald E. Kerrin for Appellant.

R. D. Wickham for Respondent.

ARCHBALD, J., *pro tem.*—The City of Alhambra sought by its complaint to condemn for the purpose of a municipal reservoir part of a parcel of land owned by defendant realty company. ██ Alice H. Graves was allowed to file an intervening complaint, which alleged substantially that she was the owner of a tract of land adjoining defendant realty company's tract upon which was located the reservoir site sought to be condemned, and "that if said plaintiff acquires said parcel of land . . . and devotes the same to reservoir purposes and constructs a reservoir thereon, this intervener will sustain damages by reason of the depreciation of the market value of said lands by the construction, maintenance and use by plaintiff of the lands sought to be condemned herein". A demurrer was interposed by plaintiff to such complaint in intervention and was sustained without leave to amend. From the judgment dismissing such complaint thereafter entered said intervener has appealed.

It will be seen at once from the complaint in intervention that the intervener has no interest in the land sought to be condemned, or in the success of either party, or any interest against both parties. The only claim made is that she will ultimately be damaged if plaintiff is successful and some day builds a reservoir on the property taken.

"The interest mentioned in the code which entitled a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." (*Elliott* v. *Superior Court,* 168 Cal. 727, 734 [145 Pac. 101, 105].) The complaint here showing no direct interest in the litigation, but only a consequential interest in the probable use of the property if plaintiff is successful, and no possibility of gain or loss from the direct

legal effect of any judgment that might be rendered, we fail to see that any right to intervene is shown by the complaint (secs. 387 and 1246, Code Civ. Proc.), or how it could possibly be amended to show such a right.

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.