JOHN M. DUDLEY AND WIFE, MABEL F. DUDLEY; J. L. LUTZ AND WIFE, FANNIE S. LUTZ; W. W. MOORES AND WIFE, KAY M. MOORES; R. W. HICKS AND WIFE, MRS. R. W. HICKS; T. SIMPSON, JR., H. B. CURTIS AND WIFE, ANNIE B. CURTIS; T. E. SPRATT AND WIFE, MABEL N. SPRATT; H. E. REA AND WIFE, EVELYN C. REA; FRANK K. HAYNES; JASPER M. BROWN AND WIFE, MARGARET J. BROWN; J. A. SCHACHNER, JR., AND WIFE, RUBY R. SCHACHNER; LEITH C. BOST; T. C. AUSTIN AND WIFE, LULA B. AUSTIN; MRS. GRACE WASHBURN; J. M. O'NEILL AND WIFE, KATHLEEN C. O'NEILL; H. M. JOYNER AND WIFE, DOROTHY S. JOYNER; WM. L. MANNING AND WIFE, KATHERINE F. MANNING; MIRIAM RUMMEL; M. M. FISHER AND WIFE, MAMIE J. FISHER; T. B. CARR AND WIFE, GEORGIA W. CARR; JAMES P. LANKFORD AND WIFE, MRS. JAMES P. LANKFORD; E. O. FOX AND WIFE, MRS. E. O. FOX; C. D. SHELBY, JR., AND WIFE, LUCY F. SHELBY; G. C. THOMAS, JR., C. W. MOSELEY AND WIFE, MAGGIE MAY E. MOSELEY; FRANK P. LARSON, JR., AND WIFE, VIRGINIA B. LARSON; H. J. NELSON AND WIFE, MRS. H. J. NELSON; J. W. SESSOMS AND WIFE, MAUDE E. SESSOMS; MRS. J. H. OWEN; AND CORA PRICE CULLINGS, v. CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, AND CHARLOTTE PARK AND RECREATION COMMISSION, A CORPORATION.

(Filed 24 November, 1943.)

**1. Municipal Corporations §§ 30, 39: Deeds § 16: Injunction § 9—**

In the absence of covenants in the deeds or other valid restrictions upon the use of land for a public park, its acquisition and dedication to

that purpose is a matter within the discretion of municipal governing authorities and may not be enjoined by the courts.

**2. Municipal Corporations §§ 30, 39: Nuisances § 9—**

 Where the governing body of a city of 100,000 population, including 30,000 to 40,000 Negroes, purchases a tract of land, adjacent to or near two of its Negro sections, one of 14,000 population and the other of 8,000 population, with the purpose and plan of laying out a park and recreation center for its colored people and building a road and bridge for more convenient access thereto and to other property, on suit.to prevent such use of the property, instituted by white residents and property owners of the neighborhood, there is no evidence that the proposed use will constitute a nuisance and motion for a restraining order was properly denied.

APPEAL by plaintiffs from *Armstrong, J.,* at September Term, 1943, of MECKLENBURG. Affirmed.

This was an action to enjoin the Charlotte Park and Recreation Commission from maintaining a recreational park for Negroes on property near the homes of plaintiffs, and to enjoin the city of Charlotte from improving a street and constructing a bridge on adjacent property. Motion to show cause why a restraining order should not issue was heard and the following material facts were found: The plaintiffs are property owners and residents of the section in the city of Charlotte known as "Harding Place." There are no provisions in any of the deeds giving them any rights with respect to the property on which the park is to be located, nor restrictions forbidding its use by Negroes. The park site is adjacent to the section of the city known as "Brooklyn" inhabited by approximately 14,000 Negroes, and in the section near-by known as "Cherry," 8,000 Negroes reside.

The defendant Park and Recreation Commission is a body corporate organized and existing under ch. 51, Private Laws 1927, and amendments thereto. The city of Charlotte has a population of more than 100,000, with Negro population of 30,000 to 40,000. There are now in the city for the use of white persons ten parks, and no public park or recreational facilities for Negroes, except the playground at a Negro school in the section known as "Cherry." It is the intention of the defendant Park Commission to construct and equip the proposed park with proper recreational facilities, including baseball diamond, wading pool, swings, refreshment stands, etc., and to operate it under the supervision of the Commission in a lawful manner. The Commission has dedicated a strip of land 50 feet wide between the used portion of the park and "Harding Place," to be planted with trees and shrubbery, as a screen and barrier. The title to the park site was acquired by deed from the trustees of the Diocese of North Carolina of the Episcopal Church, and the Thompson Orphanage and Training Institution. The

consideration was $2,500, and the additional consideration of an agreement to construct and maintain a farm bridge over a branch on other lands of the Thompson Orphanage for the latter's use in cultivating its lands. The bridge will cost approximately $50, and its maintenance will be negligible.

By another deed the Orphanage trustees conveyed to the city of Charlotte a right of way over its other lands for the construction of a street or road to connect the park with the Negro section of "Cherry." Incorporated in the deed was the condition that in the event this street should be paved, no part of the cost of the improvement should be assessed against the orphanage property. The city, by resolution, has declared its intention to construct a top soil street over this right of way to connect the park with portions of East Stonewall Street and Baldwin Street which are now paved. The conveyance to the Park Commission was made upon condition that the 50-foot strip referred to should not be used for park purposes and be enclosed by a metal fence; that the farm bridge referred to and adequate ditches be constructed. In the event of failure to use the property for park purposes the grantors have option to repurchase.

Upon these findings it was concluded that the proposed park and recreational center for Negroes would not be a nuisance; that the agreement with respect to the farm bridge to be constructed and maintained was within the power of the Park Commission; and that to acquire right of way for the construction of a street connecting the park with other streets in the manner proposed by the city would be a valid exercise of .its power.

The motion for restraining order was denied, and plaintiffs excepted and appealed.

*Cochran & McCleneghan and W. C. Davis for plaintiffs, appellants.*
*Tillett & Campbell and Taliaferro & Clarkson for defendants, appellees.*

DEVIN, J. The findings of fact made by the court below were based upon the written evidence offered, and we see no reason to disturb them. From these findings the conclusions of law reached by the court and the denial of plaintiffs' motion for a restraining order logically followed.

The contention of plaintiffs that the maintenance of a large recreational park near the property on which they had built their homes would, under the circumstances, constitute a nuisance cannot be sustained. A public park established by lawful municipal authority cannot be held a nuisance *per se* (Public Laws 1923, ch. 83), nor is there any reasonable ground for anticipating that the park in this case will

be so operated as to become one under the facts found by the court. *Atkins v. Durham,* 210 N. C., 295, 186 S. E., 330; *City of Lynchburg v. Peters,* 145 Va., 1, 133 S. E., 674; *Page v. Commonwealth,* 157 Va., 325, 160 S. E., 33; 39 Am. Jur., 289; 38 Am. Jur., 359; 3 McQuillin, sec. 1356.

In the absence of covenants in the deeds or other valid restrictions upon the use of the land for a public park, its acquisition and dedication to that purpose was a matter within the discretion of the governing authorities, and may not be enjoined by the courts. *Messer v. Smathers,* 213 N. C., 183, 195 S. E., 376.

The plaintiffs' objection that the purchase of the land for a park entailed expenditures by the Park Commission for the construction of a bridge on another's property is untenable. The agreement to build the bridge was a part of the consideration for the conveyance, and the cost involved was comparatively small.

Nor was the action of the city of Charlotte in acquiring right of way for a street or road leading to the park beyond its power. It is true there is a condition annexed to the conveyance that in the event this street should be paved the city agrees not to assess grantor's abutting property for any part of the cost, in apparent disregard of the mandatory requirement of sec. 52 of the city charter, but this agreement comes within the exception provided by the 1943 amendment to the charter. Furthermore, it appears that the city has adopted a resolution not to pave or permanently improve this street.

The fact that the deeds to the city and to the Park Commission do not convey unconditional titles in fee does not afford ground for enjoining the completion of the transaction. The city and the Park Commission had power to acquire property for proper municipal purposes by conveyances in whatever form the governing authorities deemed wise, provided there was no reasonable ground to apprehend loss or waste of public funds resulting therefrom.

The action of the city and the Park Commission in entering into the agreements embodied in the conveyances referred to will not be deemed beyond their powers on the ground that the life of the agreements may extend beyond the terms of the present members of defendants' governing boards. These transactions come within the principle stated in *Plant Food Co. v. Charlotte,* 214 N. C., 518, 199 S. E., 712; 3 McQuillin, 952.

We conclude that the ruling of the trial court in denying the motion for a restraining order must be

Affirmed.