ALLEN, Acting Chief Judge.
Lee County filed a petition to intervene in a suit which was instituted by Charlotte County to acquire, by eminent domain, property located in Charlotte County. The lower court granted a motion by Charlotte County to dismiss the petition to intervene and this appeal followed.
The petition to intervene alleged that the condemnation proceeding was for a drainage canal and that the engineering map shows this canal is to be constructed entirely within Charlotte County but that the canal abruptly ends at the Charlotte County-Lee County line; that if no disposition of the collected waters is made they will flow into the Gulf of Mexico across property owned by private citizens in Lee County and that this amounts to a taking of public and private property within the meaning of the eminent domain statutes. Furthermore, Lee County claims that it will have to undertake a drainage project, that the assessment and tax revenue from this land will be impaired and that a county bridge will, in time of heavy rain, be flooded.
Fla.Stats. § 73.05, F.S.A. provides:
“Intervention. — Any person not expressly made a party, interested in or having a lien upon the property described in the petition, may become a party, as of course, before the return day or afterward by leave of court, by filing his petition of intervention in the cause setting forth his interest under oath.”
*109 In the Florida Bar’s Manual, Florida Civil Practice Before Trial, Chapter 11, Joinder of Parties and Actions, the Honorable Paul E. Raymond, a former Dean of Stetson University College of Law, states at p. 322:
“Intervention is provided for by Fla. R.Civ.P. 3.4:
“ ‘Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.’
“There is no special rule permitting intervention in law cases, although it is arguable that the language of Fla.R. Civ.P. 1.17 could be interpreted to be broad enough to allow an outside party to move for his being joined as a party in the cause if the grounds stated in the rule were met. The Supreme Court of Florida has rejected this view and held that intervention in a lawsuit was not permissible without a statute or rule of court expressly allowing it. Warshaw-Seattle, Inc. v. Clark, 85 So.2d 623 (Fla.1955) * * *.”
Eminent domain proceedings provide for the taking of property by a public body with compensation for the property taken and damage to the remainder of the property by reason of the taking. Section 73.05 provides that a person not expressly made a party but interested in or having a lien upon the property described in the petition may, in effect, intervene in the cause by setting forth his interest under oath.
It is conceivable that Lee County may be affected by the result of the drainage sought to be constructed by Charlotte County, but we cannot see that the lower •court erred in holding that they had no •right to intervene under Section 73.05, which specifically provides for intervention in eminent domain cases.
In the case of Laclede Gas Company v. Abrahamson, Mo.1956, 296 S.W.2d 100, 61 A.L.R.2d 1286, the owners of certain lands sought to intervene in an action to condemn easements in adjacent lands for the establishment and operation of an underground gas storage reservoir. It appeared that no interest in the would-be intervenors’ lands was sought in the condemnation action but the underground storage might result in consequential damage by increasing the amount and pressure of water under the would-be intervenors’ lands. On appeal from orders of the trial court denying the motions for intervention, the Supreme Court of Missouri held that the would-be intervenors did not have the necessary interest for mandatory intervention.
In the opinion of the Court it is stated:
“The purpose of this action is to take rights in certain described lands and to determine the compensation due the owners thereof for the rights taken from them. Persons not made defendants who had an interest in those lands would have an absolute right to intervene, but persons who are owners of adjoining lands and are only entitled to consequential damages to such lands do not have the interest in the action necessary to give them an absolute right to intervene. See 29 C.J.S. Eminent Domain § 237, p. 1208 and cases cited; Jahr, Eminent Domain, Sec. 215. In City of Alhambra v. Jacob Bean Realty Co., 138 Cal.App. 251, 31 P.2d 1052, where adjoining landowners sought to intervene on the ground that a proposed reservoir on lands sought to be condemned would result in the depreciation of the market value of their lands, it was said: ‘The interest mentioned in the Code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the inter- *110 venor will either gain or lose by the direct legal operation and effect of the judgment.’ The Court held that no right to intervene was shown because the intervenor showed ‘no direct interest in the litigation but only a consequential interest in the probable use of the property if plaintiff is successful, and no possibility of gain or loss from the direct legal effect of any judgment that might be rendered.’ * * * ”
In the Annotation to Laclede Gas Co. v. Abrahamson Case, 61 A.L.R.2d 1292, the author states:
“What constitutes ‘consequential damage,’ as distinguished from the actual ‘taking’ of land or the infliction of ‘direct damage,’ is a matter of some confusion. For present purposes, no rigid definition of 'consequential damage’ has been attempted; the inclusion or exclusion of particular cases has been governed largely by the terminology used in the opinions. As a very rough standard, the question whether the land owned by those seeking to intervene was expressly included, by description, in the original petition for condemnation has been kept in mind; if the land was not so included, it has been assumed that the damage apprehended by the attempting intervenors was consequential.
* * * * * *
“In Page v. Commonwealth (1931) 157 Va. 325, 160 S.E. 33, in which an order of the state corporation commission granting a city the right to institute condemnation proceedings for the purpose of providing a bathing beach and recreation park for the colored inhabitants of the city was affirmed over the objection of intervenors who contended that they were ‘parties in interest’ because they owned property in the immediate vicinity of and adjacent to the property sought to be condemned, and that the value of their property would be diminished if the city put the property to the proposed use, the court, quoting a statute providing for hearing ‘all parties in interest’ before the granting of the condemnation, said that primarily ‘parties in interest,’ as used in the statute, meant the party desiring to condemn, on the one hand, and the owner of the land, on the other; that the intervenors in this case belonged to neither class; that the interest of citizens and taxpayers was indirect and remote; and that it was clear that in order to give a right to intervene the interest alluded to must be direct, and not indirect and remote.” See also City of Alhambra v. Jacob Bean Realty Co., 138 Cal.App. 251, 31 P.2d 1052; and Goodyear Farms v. United States, 9th Cir., 1956, 241 F.2d 484.
We hold that the lower court was correct in denying the right of Lee County to intervene inasmuch as the allegations of its petition, even if viewed as demonstrating a consequential “taking of” rather than mere damage to Lee County’s property, demonstrate that such taking is, at present, merely a possible consequence of the condemnation proceeding which, should it become imminent, is remediable in more appropriate proceedings.
Affirmed.
WHITE, J., and DURDEN, WILLIAM L., Associate Judge, concur.