PER CURIAM.
Appellants-plaintiffs, Division of Administration, State of Florida Department of Transportation, and Brevard County, appeal a summary final judgment entered in favor of appellees-intervenors, Bruce Nidy and Merle Ann Nidy, in an action of eminent domain. We reverse.
Appellants sued under the power of eminent domain to acquire certain real property in Brevard County necessary for public road purposes. The property sought to be condemned by appellants did not include appellees-intervenors’ property but did include property on either side of their property. Nidy filed motion for leave to intervene and a complaint for intervention *545 which sought, inter alia, to compel appellants to condemn the Nidy property. Appellants moved to dismiss the complaint for intervention on the grounds that (1) Nidy was not entitled to intervene in the cause; (2) that on the date of the state’s deed to Nidy’s predecessor in title, a state road did exist adjacent to the subject property, wherefore an easement for road purposes exists under the reservation contained in the deed; and (3) that Nidy is not entitled to' recover damages in this proceeding. The motion for intervention was granted and a summary final judgment was subsequently entered in favor of Nidy. Hence this appeal.
The primary thrust of this appeal is whether persons whose property is not affected by a complaint seeking to condemn property for public road purposes may, because their property borders on the proposed roadway, intervene in the eminent domain action and compel the condemnor to condemn their property.
Intervention is governed by Rule 1.230, 30 F.S.A., Florida Rules of Civil Procedure. This rule permits anyone claiming an interest in pending litigation to assert his right by intervention in subordination to, and in recognition of the propriety of the main proceeding, unless otherwise ordered by the court in its discretion. The question before us then narrows to the question of whether the appellees have a sufficient interest in the pending litigation.
“[T]he interest which will entitle a person to intervene under this provision [Rule 3.4, Fla.R.Civ.P. (1954), now Rule 1.230, Fla.R.Civ.P.] must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.” Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, 15 (1918); accord, Miracle House Corp. v. Haige, 96 So.2d 417 (Fla.1957); Oster v. Cay Construction Co., 204 So.2d 539 (Fla.App.1967).
As noted above, appellants’ complaint in the case sub judice does not describe nor seek to acquire title to any part of or any rights in the Nidy property. Accordingly, Nidy will neither gain nor lose by the direct legal operation and effect of the judgment; wherefore, Nidy does not have such an interest in the pending litigation as will support a motion for intervention. See also Lee County v. Charlotte County, 174 So.2d 108 (Fla.App.1965). Cf. Greenhut Construction Company v. Henry A. Knott, Inc., 247 So.2d 517 (Fla.App.1971). Furthermore,
“[e]ven if a part of the described property is necessary to the road project in suit, we know of no rule of law that requires the condemner under such circumstances to include in a single proceeding all the property required for the project . . . .” Ahlheit v. State Road Department of Florida, 114 So.2d 623, 624 (Fla.App.1959).
In view of our disposition of the case, it is unnecessary to consider appellants’ remaining points on appeal.
Accordingly, the summary final judgment is reversed, and the cause remanded with directions to deny appellees’ motion for leave to intervene and to dismiss appel-lees’ complaint for intervention.
Reversed and remanded, with directions.
REED, C. J., and CROSS and OWEN, JJ-, concur.