398 So.2d 984 (1981)
CITIBANK, N.A., Petitioner,
v.
BLACKHAWK HEATING & PLUMBING COMPANY, INC., et al., Plaintiffs/Respondents, and
Data Lease Financial Corporation et al., Defendants/Respondents. (2 Cases)
CITIBANK, N.A., Petitioner,
v.
Hon. Paul T. DOUGLAS, As Judge of the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, Respondent.
Nos. 79-2236, 79-2252 and 79-2405.
District Court of Appeal of Florida, Fourth District.
May 20, 1981.
*985 John H. Schulte of Smathers & Thompson, Miami, for petitioner Citibank, N.A.
Michael Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for Blackhawk Heating & Plumbing Co., Inc.
Robert M. Sondak of Paul, Landy, Beiley & Harper, Miami, for Data Lease Financial Corp.
GLICKSTEIN, Judge.
For ten years Blackhawk Heating & Plumbing Co., Inc., and Data Lease Financial Corporation have been in dispute over an option agreement by which Blackhawk was to buy 25% of the capital stock of Miami National Bank owned by Data Lease. The dispute has spawned numerous appellate decisions. In 1973 Citibank loaned Data Lease $6,217,630.13 so that the latter could satisfy its obligations incurred when it bought the bank stock. To secure the loan, Data Lease pledged the bank stock to Citibank and signed a pledge agreement which provided:
Section 1. Pledge. As collateral security for the due and punctual payment of the Note, together with accrued interest thereon, and all other amounts payable by the Pledgor hereunder and under the Loan Agreement, the Pledgor hereby pledges, hypothecates, assigns, transfers, sets over and delivers unto the Pledgee a security interest in, the following:
(i) the Pledged Securities and the certificates representing the Pledged Securities, and all cash, proceeds, securities, dividends and other property at any time and from time to time received, receivable or otherwise distributed in respect of or in exchange for any or all of the Pledged Securities; ...
In 1977 the trial court entered a final judgment for specific performance against Data Lease confirming Blackhawk's exercise of the option to buy part of the stock owned by Data Lease. Thereafter Data Lease counterclaimed against Blackhawk *986 for the proceeds arising out of the sale of the stock to Blackhawk.
In late 1978 while the foregoing action was ongoing in the Circuit Court of the Fifteenth Judicial Circuit, Citibank filed in the United States District Court, Southern District of Florida, an action against Data Lease to foreclose the security interest in the Miami National Bank stock. No final judgment has been entered in that case, but the federal district court ordered the judicial sale of all 870,000 of Data Lease's shares of Miami National Bank capital stock including the 25% on which Blackhawk had an option. On February 7, 1979, the stock was struck off to Citibank for three million ($3,000,000) dollars, and the sale was confirmed by the court. The order of confirmation has been appealed by Data Lease to the United States Court of Appeals, Fifth Circuit. That appeal is still pending.
Meanwhile, in September, 1979, Citibank moved to intervene in the state court action pending between Blackhawk and Data Lease. It also moved to be substituted in the place of Data Lease. The trial court denied both motions. Moreover, the trial court entered final judgment on November 9, 1979, in favor of Data Lease for $2,932,463.96 on its counterclaims for the purchase of the stock. Prior to the entry of said final judgment, Citibank had filed in this court a petition for Writ of Certiorari as well as a notice of interlocutory appeal, both directed to the trial court's order denying intervention and substitution. Citibank has further filed a petition for Writ of Prohibition to vacate the foregoing final judgment.
We have elected to treat Citibank's interlocutory appeal and Petition for Writ of Certiorari as a plenary appeal, the order denying intervention and substitution being final in nature "because it concludes all issues between [Citibank] ... and the other parties and constitutes an end of the judicial labor and the cause relating to [Citibank] ..., leaving nothing further to be done." Niesz v. R.P. Morgan Building Co., ___ So.2d ___ (Fla. 5th DCA Case No. 81-142, Opinion filed April 15, 1981).
We hold that the trial court should have permitted Citibank to intervene. Citibank's complaint seeking intervention alleged in pertinent part:
9) Pursuant to a Pledge Agreement dated April 12, 1973 entered into between Data Lease and Citibank, a true and correct copy of which is attached hereto as Exhibit "A", Data Lease pledged, assigned, transferred and delivered to Citibank its 870,000 shares of Miami National Bank capital stock, as well as any cash, proceeds, or other property which at any time is received, receivable, or distributed in exchange for the stock.
10) By virtue of the Pledge Agreement and the security interest granted to Citibank by Data Lease in and to the Miami National Bank stock and any substitute for the stock, Citibank is entitled to receive any sums which might be due and owing from Blackhawk and Machata under the terms of the Option Agreement.
We recently quoted our earlier decision in Wogisch v. Tiger, 193 So.2d 187 (Fla. 4th DCA 1966) for the following statement of law: "[I]ntervention involves an exercise of the chancellor's discretion and his determination will not be disturbed unless error is clearly made to appear." Maryland Casualty Co. v. Hanson Dredging, Inc., 393 So.2d 595, 596 (Fla. 4th DCA 1981). In determining whether the court has abused its discretion we believe the appropriate test for intervention to be:
[T]hat the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener [sic] will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation. Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, 15 (1918).
See also, Miracle House Corporation v. Haige, 96 So.2d 417 (Fla. 1957). Sub judice, *987 Citibank had a very real interest in the transfer of the Miami National Bank stock and the proceeds arising out of such transfer. The determination of the rights of Data Lease and Blackhawk would have a direct effect on the rights of Citibank. Therefore, it was an abuse of discretion to deny the motion to intervene.
Having ordered the intervention of Citibank, we affirm that part of the trial court's order disallowing Citibank to be substituted for Data Lease. We also vacate the final judgment which was entered on November 9, 1979, after these proceedings had already commenced in this court. See De La Portilla v. De La Portilla, 304 So.2d 116 (Fla. 1974); Waltham A. Condominium Association v. Village Management, Inc., 330 So.2d 227 (Fla. 4th DCA 1976). However, in doing so, we find prohibition to be inappropriate and deny the petition for same.
With the intervention being allowed, the trial court is free to proceed to final judgment, subject to whatever rights the trial court finds to exist in the intervenor. Nevertheless, we urge upon the trial court its consideration of a stay until there is resolution of the dispute in the case pending in the federal courts.
In summary, we reverse the trial court's order denying intervention, affirm its order denying substitution, vacate the final judgment entered on November 9, 1979, and remand for proceedings consistent herewith.
AFFIRMED in part; REVERSED in part, and REMANDED with directions.
ANSTEAD and HURLEY, JJ., concur.