658 So.2d 163 (1995)
CITY OF DANIA, a Florida municipal corporation, Appellant,
v.
BROWARD COUNTY, Florida, a political subdivision of the State of Florida, and Lancaster Steel Co., Inc., Appellees.
CITY OF DANIA, a Florida municipal corporation, Appellant,
v.
BROWARD COUNTY, Florida, a Political subdivision of the State of Florida, J.S. Powell, Jr., R.O. Powell, Sun Bank/South Florida, N.A., Paul P. Slawek and Susan Slawek, Appellees.
CITY OF DANIA, a Florida municipal corporation, Appellant,
v.
BROWARD COUNTY, Florida, a political subdivision of the State of Florida, J.S. Powell, Jr., R.O. Powell, Sun Bank/South Florida, N.A., Paul P. Slawek and Susan Slawek, Appellees.
CITY OF DANIA, a Florida municipal corporation, Appellant,
v.
BROWARD COUNTY, Florida, a political dubdivision of the State of Florida, Larry W. McCoy and Faith McCoy, his wife, Carney Bank, a Florida banking corporation; and ABC Cutting Contractors, Inc., a Florida corporation, Appellees.
CITY OF DANIA, a Florida municipal corporation, Appellant,
v.
BROWARD COUNTY, Florida, a political subdivision of the State of Florida, Peerless Investment Company, an Illinois corporation; State of Florida, Department of Regulation, and FTZ Group, Inc., a Florida Corporation, Appellees.
CITY OF DANIA, a Florida municipal corporation, Appellant,
v.
BROWARD COUNTY, Florida, a political subdivision of the State of Florida, Kurz Associates, L.P., a New Jersey Limited Partnership; A.K. Stamping Co., Inc., a New Jersey corporation, f/k/a A.K. Tool Co., Inc., a New Jersey Corporation; and Ruth H. Kurz, Appellees.
CITY OF DANIA, a Florida municipal corporation, Appellant,
v.
BROWARD COUNTY, Florida, a political subdivision of the State of Florida, S.F.I.R.D. Partnership, a Florida general partnership; State of Florida Department of Environmental Regulation; and Barnett Bank of Broward County, N.A., Appellees.
Nos. 95-1213, 95-1223, 95-1428, 95-1745, 95-1747 to 95-1749.
District Court of Appeal of Florida, Fourth District.
July 19, 1995.
*164 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, Earl G. Gallop of Bailey, Hunt, Jones & Busto, Miami, and Edward R. Curtis of Curtis & Curtis, P.A., Fort Lauderdale, for appellant.
John J. Copelan, Jr., County Atty., and Anthony C. Musto, Asst. County Atty., Fort Lauderdale, for appellee  Broward County.
Amy Brigham Boulris of Brigham Moore Gaylord Schuster & Merlin, Miami, for appellee  Lancaster Steel Co., Inc.
Thomas E. Byrd of Byrd and Murphy, Fort Lauderdale, for appellees  J.S. Powell, Jr. and R.O. Powell.
Edward J. Pozzuoli of Beilly & Pozzuoli, Fort Lauderdale, for appellees  Larry McCoy, Faith McCoy and ABC Cutting Contractors, Inc.
PER CURIAM.
We sua sponte consolidate case nos. 95-1213, 95-1223, 95-1428, 95-1745, 95-1747, 95-1748 and 95-1749. Each of these cases was originally filed as a petition for writ of common-law certiorari seeking review of an order denying the petitioner's motion to intervene in an eminent domain proceeding initiated by Broward County. Due to the final nature of these orders, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.110 and accordingly treat each of the petitions for certiorari as an appeal from a final order. See Citibank, N.A. v. Blackhawk Heating and Plumbing Co., Inc., 398 So.2d 984 (Fla. 4th DCA 1981). We accept the petitions, responses and replies as the parties' briefs in case nos. 95-1213, 95-1223 and 95-1428. The City of Dania has filed essentially identical petitions for certiorari *165 in case nos. 95-1745, 95-1747, 95-1748 and 95-1749 which we will address pursuant to Florida Rule of Appellate Procedure 9.315(a). We sua sponte dispense with oral argument in these consolidated appeals.
These appeals arise out of Broward County's filing of eminent domain petitions for the purpose of acquiring ninety-seven acres of land to be used for the expansion of the Fort Lauderdale-Hollywood International Airport. Simultaneous with its filing of the eminent domain petitions, Broward County also filed notices of lis pendens, declarations of taking and summonses. The summonses gave notice that a hearing on the order of taking would occur on March 28, 1995. On March 16, 1995, the City filed a motion to intervene as provided by Florida Rule of Civil Procedure 1.230. However, the City did not file written defenses to the eminent domain petition as provided by section 73.051, Florida Statutes (1993):
Any person interested in or having a lien upon the property, whether named as a defendant or not, may file his written defenses to the petition, as a matter of right, on or before the return date set in the notice or thereafter by leave of court.
The City asserted the following bases for its motion to intervene:
6. The entry of the order of taking results in the transfer of title to the property to Broward County. The transfer of title to Broward County results in harm to the City of Dania.
First, the tax base loss. (See Exhibit 3). The City of Dania will lose $85,978.70 per year.
Second, the City of Dania expended 1.8 million dollars on infrastructure improvements in the 97 acres which is the subject of this and 11 other petitions. (See Exhibit 3)
Third, the City of Dania approved Airport development by the City of Dania Resolution 449 dated March 23, 1982. (See Exhibit 4) The addition of land to an approved development is a substantial deviation and requires application for review and approval. Section 380.06(19)(e)(3). The entry of the order of taking, in reality, allows Broward County to add land (the only stated necessity) to an approved development (the airport) without substantial deviation review. The order of taking denies the City of Dania the right to review and approve substantial deviations from developments afforded to a local government with jurisdiction by Chapter 380.
Fourth, the City of Dania has found the addition of land, including parcel 1411, to be a substantial deviation and has ordered the developer, Broward County, to submit the application for review within 60 days. Resolution 26-95 is attached as Exhibit 5.
7. The order of taking violates the order of Resolution 26-95, in that the developer is adding property to the Airport without the review mandated by the local government with jurisdiction.
We find merit in Broward County's argument that for us to permit intervention on the bases of loss of tax base and infrastructure expenditures would promote a never-ending battle between cities and counties in every eminent domain proceeding. In Tampa Suburban Utilities Corp. v. Hillsborough Aviation Authority, 195 So.2d 568 (Fla. 2d DCA), cert. denied, 201 So.2d 898 (Fla. 1967), the Second District Court of Appeal held:
In order for a person to intervene in a condemnation action the interest of the intervenor in the property described in the petition must be of such direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment of compensation for the specific property named in the petition.
Id. at 569 (citing Lee County v. Charlotte County, 174 So.2d 108 (Fla. 2d DCA 1965)). The City has failed to cite to any statutory authority or Florida case which would permit it to recover from the County in an eminent domain proceeding the loss of its tax base and its previous expenditures for infrastructure improvements. In the absence of such *166 authority, the judgment of compensation will not have any direct legal effect on the City as is required by statute in order to intervene. We therefore hold that the City's alleged loss of tax base and expenditures for infrastructure improvements do not constitute a valid basis for intervention.
We also hold that the City has failed to assert a valid ground for intervention based upon the County's alleged failure to comply with section 380.06, Florida Statutes (1993), and its failure to submit an application for review as provided by its resolution 26-95. These grounds do not implicate any direct legal effect from the judgment of compensation, and as such do not entitle the City to intervene. These grounds do, however, indicate that the City may be entitled to relief "in more appropriate proceedings." Lee County, 174 So.2d at 110. Broward County correctly points out that the City has filed a separate action for declaratory and injunctive relief based upon these allegations. The trial court's ruling in that separate action is now the subject of review in case no. 95-1238, a nonfinal appeal filed in this court pursuant to Florida Rule of Appellate Procedure 9.130.
Accordingly, we affirm the trial court's orders denying intervention in each of the above-styled appeals.
AFFIRMED.
DELL, FARMER and STEVENSON, JJ., concur.