679 So.2d 64 (1996)
J.R. and A.R., Petitioners,
v.
R.M. and S.M., Guardian Ad Litem and Department of Health and Rehabilitative Services, Respondents.
No. 96-2770.
District Court of Appeal of Florida, Fourth District.
September 4, 1996.
Kathryn M. Beamer of Kathryn M. Beamer, P.A., West Palm Beach, for Petitioners.
Alan I. Mishael of Gallwey Gillman Curtis Vento & Horn, P.A., Miami, for Respondents-R.M. and S.M.
Tina M. Talarchyk, West Palm Beach, for Respondent-Guardian Ad Litem.
James Walsh, West Palm Beach, for Respondent-Department of Health and Rehabilitative Services.
PARIENTE, Judge.
Petitioners, who have been approved as the adoptive parents of the minor child by HRS, filed a petition for certiorari. They challenge the denial of their motions to intervene in the adoption proceeding filed by the foster parents or to consolidate the foster parents' adoption petition with their own. Petitioners' adoption petition was transferred to the judge presiding over the foster parents' adoption proceeding so that both petitions *65 will be heard by the same judge. In light of this transfer, which eliminates the risk of inconsistent rulings, we find no departure from the essential requirements of law in the trial court's denial of the motion to consolidate. See Pages v. Dominguez, 652 So.2d 864 (Fla. 4th DCA 1995).
As to that portion of the order denying petitioners' motion to intervene, we reverse.[1] Florida Rule of Civil Procedure 1.230 provides that "[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention...." Our supreme court in Stefanos v. Rivera-Berrios, 673 So.2d 12, 13 (Fla.1996), discussed the general application of rule 1.230 to requests for intervention in an adoption proceeding:
Generally, the interest which entitles a person to intervene must be shown to be in the matter in litigation. The interest must be direct and immediate and the intervenor must show that he or she will gain or lose by the direct legal operation and effect of the judgment. A showing of indirect, inconsequential or contingent interest is wholly inadequate.
Applying these principles, our supreme court held that a parent whose parental rights have been terminated lacks the legal interest necessary to establish standing to intervene and contest the adoption of his or her child. Id.
Petitioners, on the other hand, have been approved as the adoptive parents by HRS for this minor child. The minor child's three siblings already reside with petitioners, who have initiated proceedings to adopt not only the minor child, but his three siblings as well. Petitioners' interest is direct and immediate; their interests would be directly and adversely affected by the outcome of the foster parents' pending adoption proceeding.
In an analogous situation, C.S. v. S.H., 671 So.2d 260, 265 (Fla. 4th DCA 1996), this court held that relatives, who were the approved adoptive parents, were properly granted leave to intervene. We see no significant factors which would distinguish this case from C.S. with regard to the issue of intervention. The trial court here could have consolidated the two pending adoption proceedings, but once it chose not to, the trial court erred in denying petitioners' motion to intervene. See Citibank, N.A. v. Blackhawk Heating & Plumbing Co., 398 So.2d 984, 986-87 (Fla. 4th DCA 1981).
STONE and STEVENSON, JJ., concur.
NOTES
[1] While this case was filed as a certiorari petition, we redesignate that portion of the petition seeking review of the order denying intervention as a plenary appeal, pursuant to Florida Rule of Appellate Procedure 9.040(c). See City of Dania v. Broward County, 658 So.2d 163 (Fla. 4th DCA 1995); Citibank, N.A. v. Blackhawk Heating & Plumbing Co., 398 So.2d 984 (Fla. 4th DCA 1981).